Filed 4/8/21  In re A.C. CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re A.C., a Person Coming Under the Juvenile Court Law. | H048291 (Santa Clara County Super. Ct. No. 20JD026373) |
| SANTA CLARA COUNTY DEPARTMENT OF FAMILY AND CHILDREN'S SERVICES,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>G.C.,<br><br>        Defendant and Appellant. | OPINION |

### THE COURT[1]

APPEAL from orders of the Superior Court of Santa Clara County.  Amber Rosen, Judge.

Elizabeth Klippi for Appellant G.C.

James R. Williams and Laura Underwood for Plaintiff and Respondent Santa Clara County Department of Family and Children's Services (Department).

-ooOoo-

---

[1] Before Greenwood, P.J., Elia, J. and Danner, J.

# I. INTRODUCTION

G.C. is the father of A.C., an infant who was born in March 2020 and has been a dependent of the juvenile court since July 2020. G.C. claimed to be A.C.'s father since birth, but despite having many opportunities to participate in genetic testing to establish his paternity prior to the jurisdiction and disposition hearing in juvenile court, G.C. failed to do so. Over G.C.'s objection and request for additional time to complete genetic testing, the juvenile court proceeded with the jurisdiction hearing without establishing G.C.'s parentage and ordered A.C. a dependent of the court. (Welf. & Inst. Code, § 300.)[2] On appeal, G.C. asserts the court's decision to proceed to establish jurisdiction without establishing his parentage was an abuse of discretion and denied him due process of law.

After G.C. filed this appeal, the juvenile court declared G.C. to be A.C.'s biological father and ordered that G.C. receive family reunification services and visitation.

Because the issue on appeal is the juvenile court's establishment of G.C.'s parentage, and the court has since recognized G.C. as the biological parent of A.C., we dismiss this appeal as moot.

# II. FACTUAL AND PROCEDURAL BACKGROUND

A.C. was born in March 2020 with methamphetamine in her system due to her mother's drug use during pregnancy. In March 2020 the Department filed a section 300 petition requesting that the court take jurisdiction over A.C. because she was at risk due to the mother's substance abuse. The mother told the social worker that G.C. was A.C.'s father and had not yet signed a declaration of parentage due to COVID-19 restrictions at the hospital when A.C. was born. The mother told the social worker that she believed

---

[2] All further statutory references are to the Welfare and Institutions Code.

G.C. was homeless and did not know where he was, but she did provide a phone number for G.C.

The initial hearing was held in April 2020. The social worker called G.C. and left two messages at the number the mother had provided informing him of the hearing. G.C. did not appear at the hearing and the juvenile court did not make any parentage findings. The juvenile court detained A.C.

The Department's report for the jurisdiction and disposition hearing contained information about the social worker's efforts to locate G.C. The jurisdiction and disposition hearing was continued in May 2020 due the emergency orders related to the COVID-19 pandemic.

G.C. eventually contacted the social worker in mid-June 2020. G.C. said that he wanted to be legally recognized as A.C.'s father.

G.C. attended the jurisdiction and disposition hearing in June and requested genetic testing to establish parentage. The juvenile court ordered genetic testing and that G.C. have weekly supervised visits with A.C. if genetic testing established that he was her father. The hearing was continued 30 days.

Despite being contacted by staff from the genetic testing lab and the social worker, G.C. did not attend his scheduled appointment to complete the test. At the continued jurisdiction and disposition hearing in July 2020, G.C. requested a continuance of the hearing so he could have another chance to participate in genetic testing.

On the objection of the Department and minor's counsel, the juvenile court denied G.C.'s continuance request finding that he had been granted enough time to complete genetic testing and establish parentage prior to the hearing. The court told G.C. that once he completed genetic testing he could file a section 388 petition to establish his parentage and request services from the Department. G.C. did not request a parentage finding at the hearing.

The juvenile court found the allegations in the petition to be true and took jurisdiction over A.C. pursuant to section 300, subdivisions (b) and (c). The court ordered family maintenance services for the mother. The court also ordered that G.C. could have visits with A.C. if genetic testing revealed that he was the biological father.

On July 22, 2020, G.C. filed a notice of appeal.

Subsequently, on October 23, 2020, the court conducted a section 387 hearing to remove A.C. from the mother's custody.[3] At that hearing, the court found G.C. to be A.C.'s biological father based on the results of genetic testing. On December 3, 2020, the court ordered family reunification services for the mother and G.C., as well as supervised visitation between G.C. and A.C. two times per week. G.C. did not attend either hearing.

### III. DISCUSSION

In this appeal, G.C. argues that the July 2020 jurisdiction finding should be reversed, and the juvenile court should establish G.C.'s parentage before conducting a new jurisdictional hearing on the petition. He argues he was denied due process when the juvenile court refused to continue the matter for genetic testing and proceeded with the jurisdictional hearing. However, as demonstrated in the augmented record, the juvenile court subsequently found G.C. to be A.C.'s biological father and ordered family reunification services and visitation for him.

" '[A]n action that originally was based on a justiciable controversy cannot be maintained on appeal if all the questions have become moot by subsequent acts or events. A reversal in such a case would be without practical effect, and the appeal will therefore be dismissed.' [Citation.]" (*In re Dani R.* (2001) 89 Cal.App.4th 402, 404.) "The

---

[3] On January 15, 2021, the Department filed a motion to augment the record to add the minutes from a section 387 hearing held on October 23, 2020, and a section 387 jurisdiction and disposition hearing held on December 3, 2020, during which the juvenile court found G.C. to be A.C.'s biological father. We ordered the motion considered with the appeal. We grant the motion.

4

question of mootness in a dependency case should be decided on a case-by-case basis[.]" (*Id.* at pp. 404-405.)

Here, a reversal of the July 2020 jurisdiction order would have no practical effect. G.C. has been declared A.C.'s biological father and has been given reunification services and visitation with A.C. Although G.C. could not challenge jurisdiction at the time of the hearing because parentage had not been established, he now has a remedy in the juvenile court. G.C. has standing as A.C.'s biological father to contest the jurisdiction finding based on changed circumstances through a section 388[4] petition in the juvenile court, rendering the issue on appeal moot.

## IV. DISPOSITION

The appeal is dismissed as moot.

---

[4] Section 388, subdivision (a)(1) provides in relevant part: "Any parent or other person having an interest in a child who is a dependent child of the juvenile court . . . may, upon grounds of change of circumstance or new evidence, petition the court in the same action in which the child was found to be a dependent child of the juvenile court . . . for a hearing to change, modify, or set aside any order of court previously made or to terminate the jurisdiction of the court. [ . . . .]"